30084. HANLEY COMPANY INC. *v.* LACY.

DECIDED JUNE 2, 1943.

*A. T. Walden,* for plaintiff.
*Douglas, Andrews & Cole, F. Lee Evans,* for defendant.

STEPHENS, P. J. Hanley Company Incorporated instituted, in the civil court of Fulton County, a suit against Emily Lacy, to recover the expenses of the funeral furnished by the plaintiff in the burial of Mary Jones Hill, a sister of the defendant. The trial judge, without a jury, found for the defendant. The plaintiff's motion for new trial, which was based solely on the general grounds that the verdict was contrary to law and without evidence to support it, was overruled. On appeal to the appellate division of that court the judgment overruling the motion for new trial was affirmed. To this judgment the plaintiff excepted.

It appears from the evidence that after the death of Mary Jones Hill, on June 5, 1941, her body, at the instance of a lady for whom Mary Jones Hill had been a housemaid, was taken possession of by the plaintiff, an undertaker, and carried to its establishment for the purpose of burial. There is no evidence whatsoever that the defendant had any direct communication with the plaintiff relative to the funeral of her sister, or that the defendant made any express agreement or promise to the plaintiff to pay the funeral expenses On June 5th, the date of the death, the husband of the lady by whom the deceased had been employed as maid received a telegram purporting to have been sent from Cleveland, Ohio, with the name of the defendant signed thereto, which read as follows: "Tell my brother to wire me as soon as he arrives and to go ahead

with funeral arrangements as best as he knows how as it is impossible for me to get there just now." It appears that the defendant's brother exhibited this telegram to the plaintiff, picked out a casket and arranged with the plaintiff for the burial, and that "it was upon the strength of this telegram" that the plaintiff permitted the brother to go ahead and make the arrangements for the funeral, which the plaintiff perfected and buried the body. It appears that only the brother "okayed" the funeral bill and that the defendant did not do so; that the brother signed the funeral bill in the name of the defendant by him.

On June 9, after the brother had made the arrangements referred to as respects the funeral, and before the interment of the body, the plaintiff wrote to the defendant and requested that she, as the beneficiary of certain insurance policies of the deceased, assign and transfer to the plaintiff her interest in the policies, and sent to her blanks for that purpose, and in this letter the plaintiff stated as follows: "When you answer this letter, returning the blanks to us, be sure to advise us if you wish the difference of insurance mailed to you, or handed to your brother, Mr. Willie Marion Williams, under whose instructions and guidance we are acting, inasmuch as you gave him authority to handle the burial of your sister. Also, we are enclosing the funeral bill, which we are asking you to sign on the bottom line opposite the red (x) which will show the amount of funeral, etc. Upon completing all these papers, kindly return to us in the enclosed envelope, in order that the funeral can go forward, as everything is halted until we receive the enclosed papers properly signed." The defendant made no response to this letter, and did not sign any papers or return them to the plaintiff. Afterwards, on June 12, the plaintiff went on with the funeral and interred the body. It also appears that the brother who had made the funeral arrangements with the plaintiff received no communication whatsoever from the defendant, which might obligate her to pay for the funeral, other than as may be contained in the telegram referred to, and that several written communications which he made to the defendant were unanswered. The defendant did not testify on the trial, and it does not appear that she attended the funeral. It does appear from the evidence that before the trial the defendant wrote to her brother and stated that he knew that she had made no promise whatever to pay the funeral expenses of

458

her sister, and hoped that her brother in testifying would tell the truth by stating this in his testimony. It also appears that the deceased left a husband surviving, from whom she was separated, and that he was present at the funeral but did not make any of the funeral arrangements.

Since there was a finding for the defendant on the facts, this finding must be allowed to stand as against any alleged error asserted in the general grounds of the motion for new trial, that the verdict was contrary to law and without evidence to support it, unless it appears conclusively and without dispute from the testimony and as a matter of law that the defendant authorized her brother, in her behalf, to make arrangements with the plaintiff for the payment of the expenses of her sister's funeral. If there is any evidence tending in any way to obligate the defendant to pay the funeral expenses, or to show that she authorized her brother to contract to do so in her behalf, it must be found in the telegram referred to. The defendant was under no legal obligation to pay her sister's funeral expenses. She can only be held liable for such expenses by contract, either express or implied. The only language in this telegram, construing it most favorably for the plaintiff, which could be regarded as indicating any intention or promise on the defendant's part to pay the funeral expenses, and that she authorized her brother as her authorized agent to obligate her to pay such expenses, is the instruction to her brother to proceed with the "funeral arrangements as best he knows how" as it was impossible for her to be present at the time. This language does not unequivocally mean that the defendant would pay the funeral expenses, and that she authorized her brother in her behalf to make arrangements for the funeral, and that she would be bound to pay therefor. The defendant and the brother were equally related to the deceased, and, so far as it appears, it was just as incumbent on the brother to pay the expenses of the funeral as it was on the defendant. The telegram, taken by itself, standing alone, without the aid of any extrinsic explanatory evidence, in so far as its language indicates, could just as plausibly be construed as expressing the defendant's desire that the funeral not be held up awaiting her arrival but that it be held in her absence, as that she intended to obligate herself for the payment of the funeral expenses. Therefore no inference as to the meaning of this telegram can be drawn from its contents alone.

The testimony of the defendant's brother that he exhibited the telegram to the plaintiff "to show Emily Lacy had authorized" him to arrange the funeral, and that he made arrangements with the plaintiff about the funeral on the basis of the telegram and one of the policies, is insufficient to show that he had authority from the defendant to make the funeral arrangements in her behalf or to bind her to pay therefor. The only authority he relied on for any agency on his part in the defendant's behalf is the contents of the telegram which was exhibited to the plaintiff. The telegram speaks for itself, and the interpretation which this witness placed on it has no probative value whatsoever.

It therefore does not appear conclusively and as a matter of law from the evidence that the defendant was obligated to pay the plaintiff for the expenses of the funeral of the defendant's sister. The judge did not err in overruling the plaintiff's motion for new trial, and the appellate division did not err in affirming this judgment. *Judgment affirmed. Sutton and Felton, JJ., concur.*